## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## VALDOSTA DIVISION

**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**,

    Plaintiff,

and

**ZANDREA WADE, et al.,**

    Plaintiff/Intervenors,

v.

**HAMILTON GROWERS, INC., et al.,**

    Defendants.

Civil Action No. 7:11-CV-134 (HL)

## ORDER

This case is before the Court on Plaintiff-Intervenors' Motion to Compel Subpoena Response from Margarita Cardenas (Doc. 42).

On March 26, 2012, non-party Margarita Cardenas was personally served with a subpoena requiring her to produce certain documents. Specifically, the Plaintiff-Intervenors requested:

> All documents related to your work with Hamilton Growers, Inc., Southern Valley Fruit and Vegetable, Inc., or any other business affiliated with or work performed for Kent Hamilton (collectively "Hamilton") for the time period of January 1, 2008 - present.

(Doc. 42-1, p. 4).

Plaintiff-Intervenors specified the following as responsive to the request:

> (a) documents or correspondence concerning farm labor contracting with Hamilton and agreements with Hamilton regarding farm labor contracting, including but

not limited to contracts, letters, emails, phone bills, faxes, telephone memoranda, and contracts for services;

(b)    documents referring to or showing work performed for or items sold to Hamilton including but not limited to invoices, field tally sheets, checks, receipts, or notes;

(c)    documents showing names, addresses, contact information, and work authorization of workers you provided to Hamilton including but not limited to job applications, worker lists, I-9 forms, Social Security cards, permanent resident cards, and passports;

(d)    documents and correspondence showing or referring to worker recruitment or hiring including but not limited to telephone records, fax records, notes, and correspondence with Hamilton or with individuals seeking employment or hired to work at Hamilton's operations;

(e)    documents which record, contain, or are concerning hours or piece work data for work performed at Hamilton's operations by you or workers you provided for Hamilton including but not limited to tally sheets, notebooks, calculation sheets, picking records, weigh records, pay stubs, and checks as well as documents showing pay, pay rates, or total pay or describing the basis on which workers were paid;

(f)    documents or correspondence concerning termination or separation of domestic or H-2A employees at Hamilton including but not limited to separation notices, recruitment reports, documents which record or evaluate work performance, production reports, rule violation memoranda, warnings, or reports to the Georgia or U.S. Department of Labor regarding work separation or recruitment or worker referrals;

> (g) documents showing or referring to any action taken to recruit or hire workers for Hamilton including correspondence with the Consulate and with agents, recruiters or other service providers in Mexico, advertisements, Department of Labor documents, phone records and letters, [or] any other document concerning the recruitment of domestic workers or H-2A workers;
>
> (h) any lists or partial lists of workers for work at Hamilton including workers referred to you and all lists prepared for the Consular or Embassy appointment; and
>
> (i) documents or correspondence concerning drug testing or the inclusion of a drug testing requirement for either domestic workers or H-2A workers at Hamilton.

(Doc. 42-1, p. 4) (internal quotation marks omitted)

According to Plaintiff-Intervenors' motion, Cardenas called counsel after being served with the subpoena and stated that she intended not to comply with the subpoena. However, later in the conversation, Cardenas expressed her intention to comply. Nevertheless, no response or document production has been made by Cardenas. Plaintiff-Intervenors sent a follow-up letter to Cardenas on May 1, 2012. Cardenas has not responded to the letter.

In this motion, Plaintiff-Intervenors seek an order compelling Cardenas to produce the requested documents. They also seek attorney's fees and costs incurred in bringing the motion.

As noted above, Cardenas has not responded to the subpoena and has not filed any objections. She has not filed a response to the Motion to Compel either.

Motions to compel discovery under Rule 37(a) are committed to the sound discretion of the trial court. <u>Commercial Union Ins. Co. v. Westrope</u>, 730 F.2d 729, 731 (11th Cir. 1984). It appears to the Court that the information sought is relevant and material to the disputes in this litigation.

Accordingly, Plaintiff-Intervenors' Motion to Compel Subpoena Response from Margarita Cardenas (Doc. 42) is granted, in part, and denied, in part. Margarita Cardenas shall produce all documents under her possession, custody, or control responsive to the subpoena on or before August 20, 2012. Failure to do so could result in sanctions. The Court notes that Cardenas has waived any objections to the discovery requests. Plaintiff-Intervenors' request for attorney's fees is denied.

The Clerk of Court is directed to mail a copy of this Order to Margarita Cardenas at the following address: 1935 Ross Bowen Road, Lyons, Georgia 30436.

**SO ORDERED** this 27th day of July, 2012.

*s/ Hugh Lawson*
**HUGH LAWSON, SENIOR JUDGE**

mbh