EEOC et al v. Hamilton Growers, Inc., et al
USDC MDGA – Civil Action No. 7:11-cv-00134HL

# EXHIBIT A

Plaintiff EEOC First Request for Production of Documents

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | : : : | |
| Plaintiff, | : : | CIVIL ACTION NO. 7:11-CV-00134-HL |
| and | : : | |
| ZANDREA WADE, et al | : : | |
| Plaintiff/Intervenors | : | |
| v. | : : | |
| HAMILTON GROWERS, INC., et al | : : : | |
| Defendants. | : : | |

**PLAINTIFF EQUAL EMPLOYMENT OPPORTUNITY COMMISSION'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS AND ELECTRONICALLY STORED INFORMATION TO DEFENDANTS HAMILTON GROWERS, INC. AND SOUTHERN VALLEY FRUIT AND VEGETABLE, INC.**

In accordance with Rules 26 and 34 of the Federal Rules of Civil Procedure, Plaintiff, Equal Employment Opportunity Commission, requests that Defendants Hamilton Growers, Inc., and Southern Valley Fruit & Vegetable, Inc., produce and permit it to inspect and copy each of the following documents and electronically stored information designated below, at the offices of the EEOC, 100 Alabama

Street, S.W., Suite 4R30, Atlanta, Georgia 30303. In lieu of said appearance, Defendants may also comply with this Request by producing the electronically stored information and documents, with bates numbers, in a mutually agreeable form within thirty (30) days of service.

NOTE A: This Request for Production of Documents and Electronically Stored Information shall be deemed continuing so as to require supplemental production if you or your attorneys obtain further documents between the time the documents are produced and the time of trial. Any supplemental documents are to be filed and served upon counsel for the EEOC within ten (10) days after receipt of such additional information but not later than the time of trial.

NOTE B: <u>TIMEFRAME</u> - FOR THE PURPOSES OF THIS REQUEST FOR PRODUCTION OF DOCUMENTS AND ELECTRONICALLY STORED INFORMATION, THE RELEVANT TIME PERIOD FOR ALL DOCUMENTS SOUGHT UNDER THIS REQUEST, UNLESS SPECIFICALLY STATED OTHERWISE IN THE PARTICULAR REQUEST, SHALL BE FROM JANUARY 1, 2009, TO THE DATE OF THE TRIAL OF THIS ACTION.

## **GENERAL DEFINITIONS AND INSTRUCTIONS**

A. For the purposes of this request, the terms "documents" and "electronically stored information" shall have the meanings ascribed to them in Rule 34(a), <u>Fed.R.Civ.P.</u>

B. Any document with any marks on any sheet or side thereof, including

by way of illustration only and not by way of limitation, initials, stamped indicia, any comment or any notation of any character and not a part of the original text, or any reproduction thereof, is to be considered a separate document for the purpose of this request.

  C. All documents or electronically stored information called for by the request to which Defendants claims privilege or statutory authority as a ground for non-production shall be listed chronologically as follows: (1) date; (2) title; (3) type of document (e.g., memoranda, report, chart, etc.); (4) subject matter (without revealing the information as to which privilege or statutory authority is claimed); and (5) factual and legal basis for claimed privilege.

  D. If there are no documents or electronically stored information in Defendants' or their attorneys' possession, custody or control which are responsive to a particular request, so state and identify such request.

  E. If any document or electronically stored information called for by this request has been destroyed, identify that document or electronically stored information as follows: author; addressee; indicated or blind copies; date; subject matter; number of pages; attachments or appendices; all persons to whom it was distributed, shown or explained; date of destruction; person authorizing destruction; and person destroying the document or electronically stored information.

  F. Label all documents or electronically stored information to indicate

the request to which they are responsive.

    G.    If any documents or electronically stored information that are responsive to a request were produced in response to a prior request or Rule 26(a) disclosure, please identify such documents or electronically stored information in defendant's response to this request, including Bates number, if applicable. Once so identified, it is not necessary to re-produce such documents or electronically stored information.

    H.    The term "you" refers to Defendants Hamilton Growers, Inc., and Southern Valley Fruit and Vegetable, Inc., and any agents, consultants, experts, investigators, supervisors, officials, agents, or other persons acting on its' behalf. Documents given by Defendants to its attorneys or agents or otherwise held by Defendants' attorneys or agents are subject to these requests.

    I.    The term "employ" refers to all its conjugations and has the same meaning as under the Fair Labor Standards Act, 29 U.S.C. § 203(g), "to suffer or permit to work."

    J.    The term "personnel information" refers to any and all information collected, processed, recorded, maintained, or transmitted concerning successful or unsuccessful applicants for employment or promotion as well as individual employees or groups of employees (whether active or inactive; full-time or part-time; permanent or temporary; exempt or non-exempt; hourly or salaried; or employed for a particular term and/or "growing season"), including but not limited

to:

employee ID, employee class, "home crew," "comp code," date(s) of hire, seniority date, date of birth, sex, race, national origin, social security number, amounts and type of compensation, job titles and classifications, salary grades, work and project assignments, functional and program departments, time spent performing assignments, performance evaluations, training and courses, promotions, demotions, transfers, reassignments, medical disability, worker compensation claims, retirement benefits, separation (termination) actions, and the effective date(s) of any of the above.

K.   If any responsive documents exist as electronically stored information, production is requested in its original electronic format with all metadata intact. For Defendants' Outlook emails this is the .pst format. For Excel spreadsheets this is the format in which the documents were originally saved such as .xls.

L.   The requests below refer to "reports regularly generated or printed." This phrase refers to reports or documents that are generated periodically, without a special request, after production of the report or document has been initially created. Such reports might be, for example, weekly payroll registers, year-end employee earnings reports, W-2 reports, semi-annual or annual succession planning reports, weekly employee termination reports, weekly new employee hire reports, weekly time and attendance reports, monthly financial recap reports, weekly reports of deliveries or sales, monthly reports of new account sales by sales representatives, and monthly revisions of phone directories. These are examples,

only, and are not a complete list of documents that may be in your possession that are reports regularly generated or printed.

"Reports regularly generated or printed" may include reports that remain as electronically stored information. In that event, you are requested to produce such reports in their native electronic format on a CD or DVD or in a mutually agreeable format.

M.   If you object to production for the time period specified in these requests, you are requested to produce documents or electronically stored information for at least that period of time which you do not dispute is appropriate for discovery.

## REQUESTS FOR PRODUCTION

### Request No. 1:

With respect to any electronically stored information that has been used by Defendant(s) to record personnel information on any employees employed by Defendant(s) during the calendar years 2009 – present inclusive, please produce:

    a.   The first ten pages of data from any reports regularly generated or printed from the electronically stored information where the report contains any personnel information.

    b.   Any record layout, data dictionary, or other document that identifies or describes the records or fields in any file or table that contains personnel information.

  c. Any coding sheets, code books, or other documents used to interpret or explain codes or abbreviated entries for personnel information.

  d. Hard-copy printouts of any look-up tables that explain coded or abbreviated entries for any personnel information.

  e. Any manuals, guidebooks, or instructions describing the computer program, file, or database containing personnel information.

  f. Any operator manuals or data entry manuals for the computer programs, files, or databases, or any other documents that describe the use of the systems when accessing the program, file, or database containing personnel information.

  g. Any documents which identify the name, model number, operating system, configuration and location of the computer used to create, access, modify or otherwise process the computer program, file, or database containing personnel information.

  h. Any documents which identify the medium on which the computer program, file, or database containing personnel information is stored, e.g., tape, hard disk, or CD.

  i. Any documents regarding employee training or certification in the use of the program.

**Request No. 2:**

With respect to the "Famous Software" system maintained by, provided to, or available to Defendant(s), please produce:

  a. The first ten pages of data from any reports regularly generated or printed from this database.

  b. Any record layout, data dictionary, or other document that identifies or describes the records or fields in any file or table on this database.

  c. Any coding sheets, code books, or other documents used to interpret or explain codes or abbreviated entries on the database.

  d. Hard-copy printouts of any look-up tables on this database that explain coded or abbreviated entries.

  e. Any manuals, guidebooks, or instructions describing the database.

  f. Any operator manual or data entry manual for the database, or any other documents that describe or show the screens displayed when using the database or when entering information into the database.

  g. Any documents which identify the name, model number, operating system, configuration and location of the computer used to create, access, modify or otherwise process this database.

  h. Any documents which identify the medium on which this database is stored, e.g., tape, hard disk, or CD.

  i. Any documents regarding employee training or certification in

the use of the program.

**Request No. 3**:

With respect to the "Datatrack" system maintained by, provided to, or available to Defendant(s), please produce:

    a.    The first ten pages of data from any reports regularly generated or printed from this database.

    b.    Any record layout, data dictionary, or other document that identifies or describes the records or fields in any file or table on this database.

    c.    Any coding sheets, code books, or other documents used to interpret or explain codes or abbreviated entries on the database.

    d.    Hard-copy printouts of any look-up tables on this database that explain coded or abbreviated entries.

    e.    Any manuals, guidebooks, or instructions describing the database.

    f.    Any operator manual or data entry manual for the database, or any other documents that describe or show the screens displayed when using the database or when entering information into the database.

    g.    Any documents which identify the name, model number, operating system, configuration and location of the computer used to create, access, modify or otherwise process this database.

    h. Any documents which identify the medium on which this database is stored, e.g., tape, hard disk, or CD.

    i. Any documents regarding employee training or certification in the use of the program.

**Request No. 4**:

Any documents or electronically stored information that describe Defendant(s)' e-mail system during the period January 1, 2009 to the present, including but not limited to:

    a. Any documents or electronically stored information that describe a system for preserving or backing up e-mails, including any policy or procedure for re-use of backup media;

    b. Any documents or electronically stored information that describe a system for purging or erasing e-mails;

    c. Any documents or electronically stored information that describe a system or method for retrieving e-mails that have been deleted from users' individual computers;

    d. Any documents or electronically stored information that describe a system or method for retrieving e-mails from a network server or from some other source.

**Request No. 5**:

All documents or electronically stored information that discuss or relate to Defendant(s)' policies or practices concerning the retention, deletion, or destruction of documents or electronically stored information (including, but not limited to, e-mails), issued or in effect at any time during the period January 1, 2009 to the present.

**Request No. 6**:

The complete and unabridged personnel files, disciplinary records, work assignment schedules, picking, planting, and/or packing schedules, and payroll records for each and every individual employed by Defendant(s) for the calendar years 2009, 2010, and 2011, to be produced in a mutually agreeable form.

**Request No. 7**:

All documents and/or communications that set forth, memorialize, describe or reference any and all formal and/or informal contracts, agreements and/or arrangements regarding and/or relating to the provision of and/or sharing of any and/or each of the following services, etc., by and/or between Hamilton Growers, Inc. and Southern Valley Fruit And Vegetable, Inc., for the time period from January 2009 until the present (and include each amendment, addendum, correction, modification, extension, ratification, renewal and exception thereto):

    a.    business, corporate, management, and/or professional services; accounting services; check writing and banking services; bookkeeping services; insurance;

b.  payroll services or programs; personnel services; human relations services; labor relations services; record retention;

c.  legal services and/or legal offices;

d.  mutual policy manuals;

e.  completion of business licenses;

f.  maintenance of any personnel records;

g.  employee insurance and/or benefits programs;

h.  real estate, office space; facilities; equipment; supplies; uniforms; storage;

i.  managers, personnel, contract employees, temporary workers, leased workers, recruitment, and/or employment services;

j.  employee training programs;

k.  purchasing programs or purchasing arrangements;

l.  information technology support, licensing, programming, maintenance, and website maintenance, hosting, and content; and

m.  any agreements or contracts of indemnification regarding liability for any employment discrimination matters and/or the matters set forth in the Plaintiff's Complaint.

This the 1st day of March, 2012.

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION

*s/James L. Cerwinski*
James L. Cerwinski
Georgia Bar No. 277846
james.cerwinski@eeoc.gov

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION- Atlanta District Office
100 Alabama St., SW, Suite 4R30
Atlanta, Georgia 30303
Telephone: (404) 562-6986
Facsimile: (404) 562-6905

Attorney of Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | : : : | |
| Plaintiff, | : : | CIVIL ACTION NO. 7:11-CV-00134-HL |
| and | : : | |
| ZANDREA WADE, et al | : : | |
| Plaintiff/Intervenors | : : | |
| v. | : : | |
| HAMILTON GROWERS, INC., et al | : : : | |
| Defendants. | : : | |

**CERTIFICATE OF SERVICE**

I certify that on March 1, 2012, I served PLAINTIFF EEOC'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS AND ELECTRONICALLY STORED INFORMATION TO DEFENDANTS HAMILTON GROWERS, INC. AND SOUTHERN VALLEY FRUIT AND VEGETABLE, INC., upon the following attorneys of record by electronic mail:

**Counsel for Defendants**
Terri R. Stewart
Joseph P. Shelton
Matthew R. Simpson
Fisher & Phillips LLP

14

1075 Peachtree St. NE
Suite 3500
Atlanta, GA 30309

**Counsel for Plaintiff/Intervenors**

Leah Lotto
Dawson Morton
Georgia Legal Services Program
Farmworker Division
104 Marietta Street, Suite 250
Atlanta, GA 30303

*s/James L. Cerwinski*
James L. Cerwinski
GA Bar No.: 277846
James.cerwinski@eeoc.gov