EEOC et al v. Hamilton Growers, Inc., et al
USDC MDGA – Civil Action No. 7:11-cv-00134HL

# EXHIBIT B

Defendants' Responses to Plaintiff EEOC First Request for Production of Documents

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>        Plaintiff,<br>and<br><br>ZANDREA WADE, et al.,<br><br>        Plaintiff-Intervenors,<br><br>v.<br><br>HAMILTON GROWERS, INC., D/B/A SOUTHERN VALLEY FRUIT AND VEGETABLE, INC., AND SOUTHERN VALLEY FRUIT AND VEGETABLE, INC., AND KENT HAMILTON,<br><br>        Defendants. | CIVIL ACTION NO. 7:11-cv-134-HL |

## DEFENDANTS' RESPONSE TO PLAINTIFF EQUAL EMPLOYMENT OPPORTUNITY COMMISSION'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

Pursuant to Federal Rules of Civil Procedure, Defendants Hamilton Growers, Inc., and Southern Valley Fruit and Vegetable, Inc. (hereinafter "Defendants"), by and through undersigned counsel, respond to Plaintiff Equal Employment Opportunity Commission ("Plaintiff") First Request for Production of Documents and Electronically Stored Information to Defendants Hamilton Growers, Inc. and Southern Valley Fruit & Vegetable, Inc. as follows:

### PRELIMINARY STATEMENT

A.    The following responses are based upon information presently available to Defendants. Said responses are made without prejudice to Defendants' right to utilize subsequently discovered facts.

B.  No incidental or implied admissions of fact by Defendants are made by the responses below. The fact that Defendants has produced any documents requested herein may not properly be taken as an admission that Defendants accept or admit the existence of any fact set forth or assumed by such request, or that such response constitutes admissible evidence. The fact that Defendants have responded to part of or all of any request for production is not intended to, and shall not be, construed as a waiver by Defendants of all or any part of any objection to any request for production made by Defendants.

C.  This Preliminary Statement is incorporated into each of the responses set forth below.

## GENERAL OBJECTIONS

The following objections are asserted as to each Request propounded by Plaintiff and are incorporated by reference into each and every response given.

A.  Defendants object to each Request to the extent it requires disclosure of confidential communications between attorney and client subject to the attorney-client privilege;

B.  Defendants object to each Request to the extent it seeks the disclosure of mental impressions, conclusions, opinions, or legal theories of Defendants or its counsel subject to the work-product doctrine;

C.  Defendants object to each Request to the extent it seeks information gathered in anticipation of litigation or for trial, or that is proprietary or confidential information;

D.  Defendants object to each Request to the extent it seeks information not discoverable under the applicable rules of procedure;

E.  Defendants object to each Request to the extent it imposes obligations beyond

those required under the applicable rules of procedure; and

    F.    Defendants object to each Request to the extent it calls for information not in the custody, possession or control of Plaintiff.

## RESPONSES AND OBJECTIONS

1.    With respect to any electronically stored information that has been used by Defendant(s) to record personnel information on any employees employed by Defendant(s) during the calendar years 2009 – present inclusive, please produce:

    a.    The first ten pages of data from any reports regularly generated or printed from the electronically stored information where the report contains any personnel information.

    b.    Any record layout, data dictionary, or other document that identifies or describes the records or fields in any file or table that contains personnel information.

    c.    Any coding sheets, code books, or other documents used to interpret or explain codes or abbreviated entries for personnel information.

    d.    Hard-copy printouts of any look-up tables that explain coded or abbreviated entries for any personnel information.

    e.    Any manuals, guidebooks, or instructions describing the computer program, file, or database containing personnel information.

    f.    Any operator manuals or data entry manuals for the computer programs, files, or databases, or any other documents that describe the use of the systems when accessing the program, file, or database containing personnel information.

    g.    Any documents which identify the name, model number, operating system, configuration and location of the computer used to create, access, modify or otherwise process the computer program, file, or database containing personnel information.

  h. Any documents which identify the medium on which the computer program, file, or database containing personnel information is stored, e.g., tape, hard disk, or CD.

  i. Any documents regarding employee training or certification in the use of the program.

**RESPONSE:**

Defendants object to this Request and its subparts as vague and ambiguous. Defendants also object to this Request as overly broad and unduly burdensome. Defendants further object to this Request to the extent it seeks information, including some confidential information, irrelevant to the parties' claims or defendants. Subject to, and without waiving the foregoing objections, Defendants state that DataTack and Famous are the only methods by which the Defendants electronically record personnel information.

  2. With respect to the "Famous Software" system maintained by, provided to, or available to Defendant(s), please produce:

  a. The first ten pages of data from any reports regularly generated or printed from this database.

  b. Any record layout, data dictionary, or other document that identifies or describes the records or fields in any file or table on this database.

  c. Any coding sheets, code books, or other documents used to interpret or explain codes or abbreviated entries on the database.

  d. Hard-copy printouts of any look-up tables on this database that explain coded or abbreviated entries.

  e. Any manuals, guidebooks, or instructions describing the database.

  f. Any operator manual or data entry manual for the database, or any other documents that describe or show the screen displayed when using the database or when entering information into the database.

g.  Any documents which identify the name, model number, operating system, configuration and location of the computer used to create, access, modify or otherwise process this database.

h.  Any documents which identify the medium on which this database is stored, e.g., tape, hard disk, or CD.

i.  Any documents regarding employee training or certification in the use of this program.

**RESPONSE:**

Defendants object to this Request and its subparts as vague and ambiguous. Defendants also object to this Request as overly broad and unduly burdensome. Defendants further object to this Request to the extent it seeks information, including some confidential information, irrelevant to the parties' claims or defendants. Subject to, and without waiving the foregoing objections, Defendants state that they have limited knowledge as to technical workings of its electronic software/database. Nevertheless, upon information and belief, Defendants respond to the individual subparts as follows:

a) Defendants are unclear as to the meaning of the phrase "any reports regularly generated or printed." However, based on Defendants' understanding of the phrase, the only report regularly generated from Famous is payroll.
b) Defendants' are unclear as to the meaning of "any record layout, data dictionary, or other document that identifies or describes the records or fields in any file or table on this database." However, based on Defendants' understanding of the phrase, Defendants do not have access to the data dictionary for Famous.
c) Defendants' are unclear as to the meaning of "coding sheets, code books, or other documents used to interpret or explain codes or abbreviated entries on the database."
d) Defendants' are unclear as to the meaning of "hard-copy printouts of any look-up tables on this database that explain coded or abbreviated entries."
e) Defendants are not aware of any manual or guidebook regarding Famous.
f) See response to subpart (e) above. Defendants are not aware of any responsive documents.
g) The Famous software program is located on a hard disk, which is stored on the Company server.
h) Defendants are not aware of any responsive documents, but see the response to subpart (g) above.
i) Defendants are not aware of any responsive documents.

3.  With respect to the "Datatrack" system maintained by, provided to, or available to Defendant(s), please produce:

   a.  The first ten pages of data from any reports regularly generated or printed from this database.

   b.  Any record layout, data dictionary, or other document that identifies or describes the records or fields in any file or table on this database.

   c.  Any coding sheets, code books, or other documents used to interpret or explain codes or abbreviated entries on the database.

   d.  Hard-copy printouts of any look-up tables on this database that explain coded or abbreviated entries.

   e.  Any manuals, guidebooks, or instructions describing the database.

   f.  Any operator manual or data entry manual for the database, or any other documents that describe or show the screens displayed when using the database or when entering information into the database.

   g.  Any documents which identify the name, model number, operating system, configuration and location of the computer used to crate, access, modify or otherwise process this database.

   h.  Any documents which identify the medium on which this database is stored, e.g., tape, hard disk, or CD.

   i.  Any documents regarding employee training or certification in the use of the program.

**RESPONSE:**

Defendants object to this Request and its subparts as vague and ambiguous. Defendants also object to this Request as overly broad and unduly burdensome. Defendants further object to this Request to the extent it seeks information irrelevant to the parties' claims or defendants. Subject to, and without waiving the foregoing objections, Defendants state that they have limited knowledge as to technical workings of its electronic software/database. Nevertheless, upon information and belief, Defendants respond to the individual subparts as follows:

a) Defendants are unclear as to the meaning of the phrase "any reports regularly generated or printed." However, based on Defendants' understanding of the phrase, Ms. Colene Flowers regularly reviews the weekly time and production data for errors and/or incomplete data.
b) Defendants' are unclear as to the meaning of "any record layout, data dictionary, or other document that identifies or describes the records or fields in any file or table on this database." However, based on Defendants' understanding of the phrase, Defendants are not aware of any responsive documents.
c) Defendants' are unclear as to the meaning of "any coding sheets, code books, or other documents used to interpret or explain codes or abbreviated entries on this database." However, based on Defendants' understanding of the phrase, Defendants are not aware of any responsive documents.
d) Defendants' are unclear as to the meaning of the phrases "any look-up tables" and "coded or abbreviated entries." However, based on Defendants' understanding of the phrases, Defendants are not aware of any responsive documents.
e) See objections above.
f) See objections above.
g) Defendants are not aware of any responsive documents.
h) See response to subpart (g) above.
i) Defendants are not aware of any responsive documents.

4. Any documents or electronically stored information that describe Defendant(s)' e-mail system during the period January 1, 2009 to the present, including but not limited to:

a. Any documents or electronically stored information that describe a system for preserving or backing up e-mails, including any policy or procedure for re-sue of backup media;

b. Any documents or electronically stored information that describe a system for purging or erasing e-mails;

c.  Any documents or electronically stored information that describe a system or method for retrieving e-mails that have been deleted from users' individual computers;

d.  Any documents or electronically stored information that describe a system or method for retrieving e-mails from a network server or from some other source.

**RESPONSE:**

Defendants are not aware of any responsive documents.

5.  All documents or electronically stored information that discuss or relate to Defendant(s)' policies or practices concerning the retention, deletion, or destruction of documents or electronically stored information (including, but not limited to, e-mails), issued or in effect at any time during the period January 1, 2009 to the present.

**RESPONSE:**

Defendants are not aware of any responsive documents.

6.  The complete and unabridged personnel files, disciplinary records, work assignment schedules, picking, planning, and/or packing schedules, and payroll records for each and every individual employed by Defendant(s) for the calendar years 2009, 2010, and 2011, to be produced in a mutually agreeable form.

**RESPONSE:**

Defendants object to this Request and its subparts as vague and ambiguous. Defendants also object to this Request as overly broad and unduly burdensome. Defendants further object to this Request to the extent it seeks information, including confidential information, irrelevant to the parties' claims or defendants.

7.  All documents and/or communications that set forth, memorialize, describe or reference any and all formal and/or informal contracts, agreements and/or arrangements

regarding and/or relating to the provision of and/or sharing of any and/or each of the following services, etc, by and/or between Hamilton Growers, Inc. and Southern Valley Fruit and Vegetable, Inc., for the time period from January 2009 until the present (and include each amendment, addendum, correction, modification, extension, ratification, renewal and exception thereto):

    a.    business, corporate, management, and/or professional services, accounting services, check writing and banking services, bookkeeping services, insurance.

    b.    payroll services or programs, personnel services; human relations services, labor relations services, record retention;

    c.    legal services and/or legal offices;

    d.    mutual policy manuals;

    e.    completion of business licenses;

    f.    maintenance of any personnel records;

    g.    employee insurance and/or benefits programs;

    h.    real estate, office space; facilities; equipment; supplies; uniforms; storage;

    i.    managers, personnel, contract employees, temporary workers, leased workers, recruitment, and/or employment services;

    j.    employee training programs;

    k.    purchasing programs or purchasing arrangements;

    l.    information technology support, licensing, programming, maintenance, and website maintenance, hosting, and content; and

    m.    any agreements or contracts of indemnification regarding liability for any employment discrimination matters and/or the matters set forth in the Plaintiff's Complaint.

**RESPONSE:**

Defendants object to this Request and its subparts as vague and ambiguous. Defendants also object to this Request as overly broad and unduly burdensome. Defendants further object to this Request to the extent it seeks information, including confidential information, irrelevant to the parties' claims or defendants. Defendants also object to this request to the extent it seeks disclosure of information protected by the attorney-client privilege and/or attorney work product doctrine, or was otherwise prepared in anticipation of litigation.

This 7th day of May 2012.

Respectfully submitted,

Joseph P. Shelton
Georgia Bar No. 640630
jshelton@laborlawyers.com
Terri R. Stewart
Georgia Bar No. 244624
tstewart@laborlawyers.com
Matthew R. Simpson
Georgia Bar No. 540260
msimpson@laborlawyers.com

FISHER & PHILLIPS LLP
1075 Peachtree Street, NE
Suite 3500
Atlanta, Georgia 30309
Telephone: 404-231-1400
Facsimile: 404-240-4249

ATTORNEY FOR DEFENDANTS

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br>and<br><br>ZANDREA WADE, et al.,<br><br>Plaintiff-Intervenors,<br><br>v.<br><br>HAMILTON GROWERS, INC., D/B/A SOUTHERN VALLEY FRUIT AND VEGETABLE, INC., AND SOUTHERN VALLEY FRUIT AND VEGETABLE, INC., AND KENT HAMILTON,<br><br>Defendants. | CIVIL ACTION NO. 7:11-cv-134-HL |

## CERTIFICATE OF SERVICE

I certify that on May 7, 2012, a copy of **DEFENDANTS' RESPONSES TO PLAINTIFF EQUAL EMPLOYMENT OPPORTUNITY COMMISSION'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS** were served on the following attorneys of record via electronic mail and U.S. first class mail:

Robert K. Dawkins
Ottrell Ferrell Edwards
James L. Cerwinski
Sairalina Montesino
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

Atlanta District Office
100 Alabama Street, SW, Suite 4R30
Atlanta, Georgia 30303

Leah Lotto
Dawson Morton
Georgia Legal Services Program
Farmworker Division
104 Marietta Street, Suite 250
Atlanta, GA 30303

Terri R. Stewart